**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

AARON MICHAEL STRICKLIN                                           PLAINTIFF

v.                              **Case No. 4:25-cv-401-JM**

AMAZON.COM SERVICES LLC                                          DEFENDANT

**ORDER**

Pending is Defendant's partial motion to dismiss (Doc. 59). Stricklin has responded (Doc. 68), and Defendant has replied (Doc. 72). For the reasons set out below, Defendant's motion is GRANTED.

Stricklin, a former part-time seasonal worker for Defendant, brought this *pro se* workplace discrimination suit on April 25, 2025. (Doc. 2). He sued Defendant under the Americans with Disability Act (ADA) alleging that he was harassed, discriminated against, suffered retaliation, and was wrongly fired because of his disability and needed accommodations. (*Id.*). The Court granted Stricklin's motion to proceed *in forma pauperis*, screened his complaint, and served his ADA claims. (Doc. 4).

Before the Court addresses the merits of the pending motion to dismiss, some procedural housekeeping is necessary. With the Court's permission, Stricklin filed an amended complaint on September 29, 2025. (Doc. 46). The Court then granted Defendant time to answer or otherwise respond to the amended complaint. (Doc. 49). Defendant timely did so presenting both its answer and its motion to dismiss to the Clerk of Court on November 12, 2025. By happenstance, the Clerk docketed Defendant's answer first. (Doc. 58–59). As a result, Stricklin now contends that, because Defendant's responsive pleading was docketed first, the Court must treat its motion to dismiss as a motion for judgment on the pleadings. (Doc. 68); Fed. R. Civ. P. 12(b)–(c). While strictly correct, the distinction has little effect as regards the Court's standard of review. *See Natl.*

*Union Fire Ins. Co. of Pittsburgh v. Cargill, Inc.*, 61 F.4th 615, 619 (8th Cir. 2023) (noting that motions for relief filed under either 12(b) or 12(c) require the same standard). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Id*. (quoting *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009)).

Defendant seeks to dismiss Count IV of Stricklin's amended complaint, which alleges an "association discrimination" claim under the ADA. (Doc. 59). The ADA prohibits discrimination against an employee "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association. 42 U.S.C.A. § 12112 (b)(4). In his amended complaint, Strickland argues for the first time that he suffered discrimination both because of his own disability as well as that of his partner. (Doc. 46 at 15). Defendant correctly contends that, because Stricklin failed to raise this claim in either charge of discrimination made with the EEOC, the claim has not been exhausted and must be dismissed. (Doc. 59). Stricklin does not contest his failure to exhaust; instead, he argues that the Court cannot consider the EEOC documents without improperly converting the motion one for summary judgment. (Doc. 68 at 2). Alternatively, Stricklin ironically argues that Defendant is attempting to "impose a hyper-technical exhaustion requirement" for which he should not be burdened. (*Id*. at 3). Stricklin asserts that his "association discrimination" claim should survive given the "liberal" pleading standards allowed for *pro se* litigants. (*Id*.). Neither argument is persuasive.

Can the Court consider the EEOC documents without converting the motion to one for summary judgment? Yes. The Eighth Circuit has long held that EEOC charges are "part of the public record" which can be considered in a motion to dismiss or motion for judgment on the pleadings. *Blakely v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011)(quoting

*Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802–03 (8th Cir. 2002)). Further, "courts may consider matters incorporated by reference or integral to the claim." *Natl. Union Fire Ins. Co. of Pittsburgh*, 61 F.4th at 619 (citing *Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 903 (8th Cir. 2017). Unquestionably, Strickland's EEOC charges are firmly incorporated in his amended complaint and integral to his claims.

The question is whether Strickland noticed Defendant of any "association discrimination" claims in his EEOC charges. If he did not, those claims have not been exhausted and cannot be raised now. The law is clear that before a court can review an ADA claim, a claimant must raise each distinct ADA claim in a charge before the EEOC and exhaust available administrative remedies. *Kale v. Aero Simulation, Inc.*, 139 F.4th 684, 689–90 (8th Cir. 2025). And while "administrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices," only claims that are "like or reasonably related" to the claims in the EEOC charge can be deemed exhausted. *Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1080 (8th Cir. 2021) (internal quotations omitted). "[I]t is not reasonable to expect the EEOC to look for and investigate such adverse employment actions if they are nowhere mentioned in the administrative charge." *Parisi v. Boeing, Co.*, 400 F.3d 583, 586 (8th Cir. 2005).

In his first charge of discrimination, Strickland stated, "I believe I was harassed, suspended, and discharged due to my disability and in retaliation for requesting an accommodation . . . ." (Doc. 59-1 at 1). In his second charge following his discharge, Strickland stated, "I believe that I was subjected to this treatment because of my disability, my prior EEOC charge . . ., and in retaliation for filing a federal lawsuit." (Doc. 59-2 at 1). Nothing in this language notices Defendant of anything other than Strickland's charges of discrimination surrounding his own disabilities and requests for accommodations, not his partners. Both charges

3

are silent as to any claim that Strickland believed his claims were the result of his partner's disability.

For the reasons set out above, Defendant's partial motion to dismiss (Doc. 59) is GRANTED.  Strickland's "association discrimination" claim (Claim IV) raised in his amended complaint (Doc. 46) is  dismissed with prejudice.

IT IS SO ORDERED this 6th day of March, 2026.

 

_____
UNITED STATES DISTRICT JUDGE